UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Lester W. Kauffman, III, as Trustee of the Union Trowel Trades Benefit Funds of Central Pennsylvania; James Boland, as Trustee of the Bricklayers and Trowel Trades International Pension Fund and International Masonry Institute; Joseph J. Davis, as Trustee of the International Union of Bricklayers and Allied Craftworkers Local #15 PA Pension Fund; Jack Figured, as Trustee of the Bricklayers & Stonemasons Local 5 Annuity Fund; and George Hardy, as Trustee of the PA Local 47 Bricklayers and Allied Craftsmen Pension Plan,<br>　　　　Plaintiffs<br>　　v.<br><br>Suburban Tile and Stone, LLC<br>1636 North Cedar Crest Boulevard,<br>Suite 316<br>Allentown, PA  18104-2318<br>　　　　Defendant | CASE NO.:<br><br>*Electronically Filed* |

**COMPLAINT**

1.　This is an action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974, as amended, (29 U.S.C. §§1132(a)(3) and 1145), by trustees of an employee benefit plan as fiduciaries of such plan to enforce contributions due to such plan due under the terms of a collec-

tive bargaining agreement and the terms of the employee benefit plan.  The Employee Retirement Income Security Act of 1974, as amended (29 U.S.C. §1001, et seq.), is hereinafter called "ERISA."

2. The Court has exclusive jurisdiction of this action pursuant to Section 502(a), (e) and (f) of ERISA, without respect to the amount in controversy or the citizenship of the parties.

3. Plaintiff, Lester W. Kauffman, III, is a Trustee of the Union Trowel Trades Benefit Funds of Central Pennsylvania (hereinafter referred to as "the Health and Welfare Fund"), an employee benefit plan within the meaning of Section 3(2) of ERISA.

4. The Health and Welfare Fund is a "multi-employer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. §1002(37).  Said Health and Welfare Fund has been established and is maintained pursuant to a collective bargaining agreement between an employee organization and more than one employer, and pursuant to a collective bargaining agreement between the International Union of Bricklayers and Allied Craftworkers Local Union No. 5, Pennsylvania and the Tile & Marble Contractors Association of Lehigh Valley, Central and Northeastern Pennsylvania (hereinafter the "Agreement"), whose members employ members of said Union and other signatory employers, and is required to be main-

tained and administered in accordance with the provisions of the Labor Management Relations Act of 1947, 29 U.S.C. §141, et. seq.

5.  The Health and Welfare Fund is administered in Dauphin County, Pennsylvania.  Venue is conferred on this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

6.  Plaintiff Lester W. Kauffman, III is a Trustee of the Health and Welfare Fund, and is a fiduciary within the meaning of Section 3(21) of ERISA.

7.  Plaintiff, James Boland, is a Trustee of the Bricklayers and Trowel Trades International Pension Fund (hereinafter referred to as the "International Pension Fund"), an employee benefit plan within the meaning of Section 3(2) of ERISA.

8.  The International Pension Fund is a "multi-employer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. §1002(37).  Said International Pension Fund has been established and is maintained pursuant to the aforementioned Agreement, and is required to be maintained and administered in accordance with the provisions of the Labor Management Relations Act of 1947, 29 U.S.C. §141, et. seq.

9.  The International Pension Fund is administered in Dauphin County, Pennsylvania.  Venue is conferred on this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

10. Plaintiff James Boland is a Trustee of the International Pension Fund, and is a fiduciary within the meaning of Section 3(21) of ERISA.

11. Plaintiff, James Boland, is a Trustee of the International Masonry Institute (hereinafter referred to as the "International Masonry Institute"), an employee benefit plan within the meaning of Section 3(2) of ERISA.

12. The International Masonry Institute is a "multi-employer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. §1002(37).  Said International Masonry Institute has been established and is maintained pursuant to the aforementioned Agreement, and is required to be maintained and administered in accordance with the provisions of the Labor Management Relations Act of 1947, 29 U.S.C. §141, et. seq.

13. The International Masonry Institute is administered in Dauphin County, Pennsylvania.  Venue is conferred on this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

14. Plaintiff James Boland is a Trustee of the International Masonry Institute, and is a fiduciary within the meaning of Section 3(21) of ERISA.

15.   Plaintiff, Joseph J. Davis, is a Trustee of the Pension Plan of International Union of Bricklayers and Allied Craftworkers Local #15 Pennsylvania (hereinafter referred to as the "Local #15 Pension Fund"), an employee benefit plan within the meaning of Section 3(2) of ERISA.

16.   The Local #15 Pension Fund is a "multi-employer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. §1002(37).  Said Local #15 Pension Fund has been established and is maintained pursuant to the aforementioned Agreement, and is required to be maintained and administered in accordance with the provisions of the Labor Management Relations Act of 1947, 29 U.S.C. §141, et. seq.

17.   The Local #15 Pension Fund is administered in Dauphin County, Pennsylvania.  Venue is conferred on this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

18.   Plaintiff Joseph J. Davis is a Trustee of the Local #15 Pension Fund, and is a fiduciary within the meaning of Section 3(21) of ERISA.

19.   Plaintiff, Jack Figured, is a Trustee of the Bricklayers & Stonemasons Local 5 Annuity Fund (hereinafter referred to as the "Local 5 Annuity Fund"), an employee benefit plan within the meaning of Section 3(2) of ERISA.

20.   The Local 5 Annuity Fund is a "multi-employer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. §1002(37).  Said Local 5 Annuity Fund has been established and is maintained pursuant to the aforementioned Agreement, and is required to be maintained and administered in accordance with the provisions of the Labor Management Relations Act of 1947, 29 U.S.C. §141, et. seq.

21.   The Local 5 Annuity Fund is administered in Dauphin County, Pennsylvania.  Venue is conferred on this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

22.   Plaintiff Jack Figured is a Trustee of the Local 5 Annuity Fund, and is a fiduciary within the meaning of Section 3(21) of ERISA.

23.   Plaintiff, George Hardy, is a Trustee of the PA Local 47 Bricklayers and Allied Craftsmen Pension Plan (hereinafter referred to as the "Local 47 Pension Fund"), an employee benefit plan within the meaning of Section 3(2) of ERISA.

24.   The Local 47 Pension Fund is a "multi-employer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. §1002(37).  Said Local 47 Pension Fund has been established and is maintained pursuant to the aforementioned Agreement, and is required to be maintained and administered in accordance with

6

the provisions of the Labor Management Relations Act of 1947, 29 U.S.C. §141, et. seq.

25. The Local 47 Pension Fund is administered in Dauphin County, Pennsylvania. Venue is conferred on this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

26. Plaintiff George Hardy is a Trustee of the Local 47 Pension Fund, and is a fiduciary within the meaning of Section 3(21) of ERISA.

27. The Health and Welfare Fund, International Pension Fund, International Masonry Institute, Local #15 Pension Fund, Local 5 Annuity Fund and Local 47 Pension Fund are hereinafter jointly or severally referred to as "the Funds" or "ERISA Funds."

28. Defendant company, Suburban Tile and Stone, LLC, is an "Employer" within the meaning of Section 3(5) of ERISA.

29. International Union of Bricklayers and Allied Craftworkers Local Union No. 5, Pennsylvania (the "Union"), is an "employee organization" within the meaning of Section 3(4) of ERISA, 29 U.S.C. §1002(4).

30. The Union and Defendant are parties to the Agreement. By virtue of provisions contained in the Agreement to which Defendant was and is bound, Defendant did promise and become obligated to make contributions to said Fund on

behalf of its employees for each hour worked or for which wages were received by such employees.

31. The Agreement incorporates by reference the Funds' Amended and Restated Agreements and Declarations of Trust (hereinafter the "Trust Agreements").

32. The Trust Agreements give the Trustees the authority to audit and examine pertinent employment and payroll records of employers.

33. The Trust Agreements provide, in relevant part:

"8.09  In connection with the proper administration of the Fund, the Trustees may by their authorized representative audit and examine, whenever deemed necessary or advisable by the Trustees, any records of a Covered Employer deemed necessary by the Trustees, including but not limited to job, employment, payroll and financial records, to verify each Covered Employer's compliance with the terms of this Agreement and the Collective Bargaining Agreement.  The Trustees shall have the power to require a Covered Employer to furnish to the Trustees a Bond, with a reputable Surety thereon, with the Trustees as Obligees thereunder, in an amount determined by the Trustees, and with notice provisions acceptable to the Trustees."

## COUNT I –AUDITS UNDER ERISA

Lester W. Kauffman, III, as Trustee of the Union Trowel Trades Benefit Funds of Central Pennsylvania; James Boland as Trustee of the Bricklayers and Trowel Trades International Pension Fund and International Masonry Institute; Joseph J. Davis, as Trustee of the International Union of Bricklayers and Allied Craftworkers Local #15 PA Pension Fund; Jack Figured, as Trustee of the Bricklayers & Stonemasons Local 5 Annuity Fund; and George Hardy, as Trustee of the PA Local 47 Bricklayers and Allied Craftsmen Pension Plan v. Suburban Tile and Stone

34. The allegations of Paragraphs 1 through 33 above are incorporated by reference as if fully restated.

35. The Trustees of the Funds deemed it both necessary and advisable to the proper administration of the Funds to audit and examine certain employment and payroll records of the Defendant.

36. Despite notification to the Defendant of the Trustees' desire to conduct an audit and examination of the Defendant's pertinent employment and payroll records, the Defendant has failed and refused to make such records available.

WHEREFORE, Plaintiffs pray the Court as follows:

a. That the Court enter an Order compelling Defendant to make available to authorized representatives of the Funds any and all of Defendant's employment and payroll records that the Trustees deem pertinent;

      b.      For Judgment against the Defendant for all of Plaintiffs' attorneys' fees incurred in gaining auditor access to the Defendant's records and Plaintiffs' costs incurred in gaining auditor access to the Defendant's records.

### COUNT II – AUDITS UNDER COLLECTIVE BARGAINING AGREEMENTS

Lester W. Kauffman, III, as Trustee of the Union Trowel Trades Benefit Funds of Central Pennsylvania; James Boland as Trustee of the Bricklayers and Trowel Trades International Pension Fund and International Masonry Institute; Joseph J. Davis, as Trustee of the International Union of Bricklayers and Allied Craftworkers Local #15 PA Pension Fund; Jack Figured, as Trustee of the Bricklayers & Stonemasons Local 5 Annuity Fund; and George Hardy, as Trustee of the PA Local 47 Bricklayers and Allied Craftsmen Pension Plan v. Suburban Tile and Stone

37.     The allegations of Paragraphs 1 through 36 above are incorporated by reference as if fully restated.

38.     The Trustees of the Funds deemed it both necessary and advisable to the proper administration of the Funds to audit and examine certain employment and payroll records of the Defendant.

39.     Despite notification to the Defendant of the Trustees' desire to conduct an audit and examination of the Defendant's pertinent employment and payroll records, the Defendant has failed and refused to make such records available.

WHEREFORE, Plaintiff prays the Court as follows:

a. That the Court enter an Order compelling Defendant to make available to authorized representatives of the Funds any and all of Defendant's employment and payroll records that the Trustees deem pertinent;

b. For Judgment against the Defendant for all of Plaintiffs' attorneys' fees incurred in gaining auditor access to the Defendant's records and Plaintiffs' costs incurred in gaining auditor access to the Defendant's records.

        Respectfully submitted,
        CHARLES W. JOHNSTON, P.C.
        101 Erford Road, Suite 302
        Post Office Box 98
        Camp Hill, Pennsylvania 17001-0098
        Telephone: (717) 975-5500
        Facsimile: (717) 975-5511

        /s/ CHARLES W. JOHNSTON
        Pa. I.D. No. 15621
        e-mail: cjohnston@jadlegal.com

        *Attorneys for Plaintiffs*

Dated:     October 14, 2016